```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
U.S. UNDERWRITERS INSURANCE           :
COMPANY,                              :
                                      :         NOT FOR PUBLICATION
            Plaintiff,                :         MEMORANDUM & ORDER
                                      :
            -against-                 :
                                      :
EFTHIMIOS ZISMOPOULOS, et al.,        :         07-CV-4684 (CBA) (RLM)
                                      :
            Defendants.               :
                                      :
------------------------------------------------------X
EFTHIMIOS ZISMOPOULOS, et al.,        :
COMPANY,                              :
                                      :
            Third-Party Plaintiffs,   :
                                      :
            -against-                 :
                                      :
VAVAS INSURANCE AGENCY, et al.,       :
                                      :
            Third-Party Defendants    :
                                      :
------------------------------------------------------X
```
AMON, United States District Judge:

INTRODUCTION

Plaintiff U.S. Underwriters Insurance Company ("U.S. Underwriters" or "plaintiff") brought this action against Efthimios Zismopoulos and Chrisanthy Tzivas ("the insureds") and Ralph Palma and Silvana Palma ("the Palmas"), seeking a declaratory judgment that the insureds failed to provide plaintiff with timely notice of a claim thus relieving plaintiff of its duty to defend or indemnify the insureds against a personal injury action filed by the Palmas in state

-1-

court.[1]  Plaintiff names the Palmas as defendants in this action and seeks a declaration that it has no obligation to the Palmas with respect to the claims in the underlying personal injury action. Plaintiff describes its own action as follows: "The disclaimer of coverage is based upon the failure of the insured, Zismopoulos and Tzivas, to provide timely notice, and no one, including the Palmas, stepped in to provide timely notice in the place of the insureds." (U.S. Underwriters Insurance Company's Memorandum of Law in Opposition to the Defendant, Palma's [sic] Motion for Summary Judgment dated June 27, 2008 ("6/27/08 Memo. in Opp.") at 11). The Palmas moved for summary judgment based on the claim that they, as the injured parties, had provided timely notice of a claim to plaintiff. This Court's Memorandum and Order dated July 17, 2008 denied the motion on the ground that there was a genuine issue of material fact "regarding the Palmas' diligence in attempting to ascertain the identify of the insurer and notifying U.S. Underwriters of their claim." United States Underwriters Ins. Co. v. Zismopoulos, 2008 U.S. Dist. LEXIS 54753 at *2 (E.D.N.Y. July 17, 2008). The parties consented to a trial before the Honorable Roanne L. Mann, United States Magistrate Judge, on the limited issue of whether the Palmas had exercised due diligence in providing notice to U.S. Underwriters. Id. at *3.

On July 20, 2009, Magistrate Judge Mann issued "Recommended Findings of Fact and Conclusions of Law" ("Recommendation"), recommending that this Court find that the Palmas

---

[1] The insured additionally impleaded their insurance brokers for failure to forward the insured's notice of the occurrence to U.S. Underwriters. The insureds initially impleaded James D. Vavas, individually, Vavas Insurance Agency, and Vavas Insurance and Financial Services ("third-party defendants" or "Vavas"). The insureds later dismissed the claims against James Vavas. 2/15/08 Notice of Voluntary Dismissal as to James Vavas, Docket Entry ("D.E.") #18.

had exercised due diligence in providing notice to plaintiff and deny plaintiff's demand for a declaration that it had no obligation to the Palmas and its demand for a declaration upholding its disclaimer of coverage. Plaintiff filed objections to the Recommendation.[2]

## DISCUSSION

Plaintiff raises three objections to the Recommendation of the Magistrate Judge. The first, an objection to the Palmas' standing to challenge the declaration sought by the plaintiff, is both belated and meritless; the second, that the Palmas' notice cannot cure a late notice by the insured was previously resolved by this Court; and the third objection, that the Magistrate Judge erred in concluding that notice by the Palmas was timely, is rejected. The Court now turns to more detailed discussion of these conclusions.

1. Standing

Plaintiff seeks a declaratory judgment that it "has no obligation" to the Palmas with respect to claims in the underlying personal injury action by the Palmas against its insureds. ("Wherefore..." Clause of the Complaint, ¶¶ (d), (e)). This is so, plaintiff argues, because the insureds failed to provide timely notice of the claim. Plaintiff maintains that the Palmas are not entitled to judgment on the issue of timeliness of their notice since they have failed to file a pleading which raises this issue. Plaintiff further argues that the law, in any event, bars the

---

[2] Since the parties consented to a trial of the issue before the Magistrate Judge, it was not necessary for the Findings and Conclusions to be deemed Recommendations. Nor does it appear that the parties, having so consented, can appeal the issue resolved by the Magistrate Judge to this Court. Since the first two objections are unrelated to the precise issue before the Magistrate Judge, they will be addressed herein. In an abundance of caution, the Court will also address the Magistrate Judge's notice finding.

Palmas from asserting their own claims as to notice until after they have secured a judgment against the plaintiff's insureds.  See New York Insurance Law § 3420 (McKinney 2008). Plaintiff characterizes this latter argument as one of standing.  Neither of these arguments has merit.

The Court first addresses the argument that the absence of a pleading requires that the Palmas' motion be denied.  Plaintiff seeks a declaration that it has no liability to the Palmas. Plaintiff has stated that it is entitled to this relief because the insured did not provide timely notice and "no one, including the Palmas, stepped in to provide timely notice in the place of the insured."  (6/27/08 Memo. in Opp. at 11.)  As is obvious from plaintiff's complaint, its explanation of the complaint in its Opposition to Summary Judgment, as well as the Affirmative Defense One in the Palmas' answer, the issue of the Palmas separate notice was adequately raised by the pleadings.  There was no need for the Palmas to have filed a separate pleading on this issue for it to have been properly addressed and resolved in this litigation.  All the Palmas seek is a judgment which denies plaintiff the relief it seeks; namely, that plaintiff has no obligation to the Palmas on the basis of defective notice.

Plaintiff further asserts that the Palmas lack standing for an entry of a judgment in their favor because a judgment against U.S. Underwriters has not yet been rendered in the underlying state court personal injury action.[3]  Ordinarily, section 3420 of New York Insurance Law requires

---

[3] In its original Objections, the plaintiff asks this Court to "dismiss[] the counter-claims asserted by the Palmas against U.S. Underwriters" because the Palmas had no standing to assert a direct action against U.S. Underwriters.  (Plaintiff's Objections to Magistrate Judge Mann's Recommended Findings of Fact and Conclusions of Law dated August 3, 2009 at 1).  They also refer to the fact that the Palmas purportedly moved for summary judgment on said "counterclaims."  Id. at 2.  The only problem with this argument is that the Palmas did not file

an injured party to first obtain a judgment against the tortfeasor before initiating a lawsuit against the tortfeasor's insurer. Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 354 (2004). However, the standing requirement is waived in this matter because plaintiff named the Palmas as defendants in the lawsuit; thus, "as party defendants in the action, [the Palmas are] thereby allow[ed] . . . to contest the issue of coverage anew in the instant case." 3405 Putnam Realty Corp. V. Insurance Corp. of N.Y., 2007 NY Slip Op 582, 1 (N.Y. App. Div. 1st Dep't 2007); see also Maroney v. New York Cent. Mut. Fire Ins. Co., 5 N.Y.3d 467, 471 n.1 (2005) ("Because the insurer joined the insured in seeking a declaration of its rights . . . Insurance Law § 3420 does not preclude consideration of the coverage issues in this case"). Plaintiff cannot bring suit against the Palmas and then later assert that they do not have standing in the matter.

2. Notice Objection

Plaintiff next argues that because the Palmas' notice to the plaintiff came only after plaintiff was given delayed notice by the insured it was inadequate to cure the delay caused by the insured. Although plaintiff's objection acknowledges that this Court previously rejected this

---

'counterclaims.' Apparently at some point plaintiff recognized this error and decided in its Reply to take a new tack. Without acknowledging its error as to the existence of counterclaims, plaintiff with no sense of irony argues that the Palmas "missed the point" of its objection. (Reply in Opposition to Objection dated August 17, 2009 at 1). The problem, it argues, is that the Palmas did not file any pleadings raising the issue of separate notice, and it is this defect that requires that judgment be entered for the plaintiffs. Id. Having to read, analyze and address arguments that are moving targets is not a productive use of this Court's time. Moreover, the Court notes that it is disconcerting that plaintiff chose to advance this challenge to standing for the first time in Objections to the Magistrate Judge's Recommendation. This argument should have been made in the original Memorandum of Law in Opposition to the Defendant Palma's [sic] Motion for Summary Judgment filed on June 27, 2008. Indeed, if this argument had been found to be meritorious, it would have avoided the necessity of having the trial before the Magistrate Judge on the merits of the Palmas' defense.

argument, plaintiff felt that the issue was nevertheless ripe for review because the fact was now part of the "record" established by findings of fact in the Recommendation. See Pl. Obj. at 4-5. It is not clear what plaintiff means by this statement. This argument was preserved for future appellate review when it was raised in the Opposition to the Palmas' summary judgment motion and clearly ruled on by this Court. There was no need to raise it again. In any event, the Court finds this argument no more persuasive now than it did over a year ago when it rejected it at oral argument on July 17, 2008. Even if an insured fails to give proper notice, the injured party can give notice and thereby "preserv[e] her right to proceed directly against the insurer." Appel v. Allstate Ins. Co., 20 A.D.3d 367, 368 (N.Y. App. Div. 1st Dep't 2005) ("Where, as here, the insurer does not dispute receiving notice from its insured, the only issue with respect to the injured party [is] whether the efforts of the injured party to facilitate the providing of proper notice were sufficient in light of the opportunities to do so afforded it under the circumstances.") (internal quotation marks omitted); cf. Steinberg v. Hermitage Ins. Co., 2006 NY Slip Op 1292, 2 (N.Y. App. Div. 2d Dep't 2006) (recognizing that New York Insurance Law § 3420(a)(3) gives an injured party an independent right to provide an insurance carrier with written notice of an accident).

3.      Objection to the Finding of Timely Notice by the Palmas.

Plaintiff's third objection disagrees with the conclusion that the Palmas were diligent in providing notice. As the Court previously noted, the parties consented to a trial of this issue before the Magistrate Judge. Having so consented, there would be no appeal to this Court as to the findings of the Magistrate Judge. In any event, the Court has conducted a de novo review of the Recommendation and concurs with the reasoned analysis of Magistrate Judge Mann.

CONCLUSION

The Court adopts the Recommendation of July 20, 2009. This Court finds that the Palmas exercised due diligence in providing notice to U.S. Underwriters. U.S. Underwriters' demand for a declaration that it has no obligation to the Palmas under the insurance policy at issue based upon a claim of defective notice is denied. Additionally, U.S. Underwriters' demand for a declaration upholding its disclaimer of coverage with regard to the Palmas is also denied. This court enters judgment in favor of the Palmas and dismisses U.S. Underwriters' claims against them. The Clerk of the Court is directed to enter judgment in accordance with this Order and close this case.[4]

SO ORDERED.

Dated:    Brooklyn, New York
         March 31, 2010

_/s/_____
Carol Bagley Amon
United States District Judge

---

[4] See Recommendation at 20 n.16 (stating that a finding of due diligence by the Palmas would for all intents and purposes end the case).